UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | | |
|---|---|---|
| LISA SLEPICOFF REYES, | ) | |
| Plaintiff, | ) | 2:11-cv-01367-KJD-CWH |
| vs. | ) | ORDER |
| BAC HOME LOANS SERVICING LP, *et al.*, | ) | |
| Defendants. | ) | |

This matter is before the Court on Plaintiff's Motion for Stay of Litigation Proceedings Pending Determination of Motion to Remand (#9), filed Septemer 6, 2011.

Courts have broad discretionary power to control discovery. *See e.g.*, *Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988). Ordinarily, a pending dispositive motion, such as a motion to remand, is not "a situation that in and of itself would warrant a stay of discovery" unless jurisdiction, venue, or immunity are preliminary issues. *See Turner Broadcasting System, Inc. v. Tracinda Corp.*, 175 F.R.D. 554, 555-6 (D. Nev. 1997) (quoting *Twin City Fire Ins. v. Employers Insurance of Wausau*, 124 F.R.D. 652, 653 (D.Nev. 1989)). The moving party bears a heavy burden to make a strong showing as to why a stay is advisable. *Id.* (citing *Blankenship v. Hearst Corp.,* 519 F.2d 418, 429 (9th Cir.1975)). Dispositive motions are a frequent part of federal practice. An overly lenient standard for granting requests to stay due to pending dispositive motions would result in unnecessary delay in many cases.

The Court has preliminarily reviewed Plaintiff's motion to remand (#8) and finds that Plaintiff has not met the heavy burden to make a strong showing that the requested stay is necessary. Although the motion to remand raises questions about this Court's jurisdiction over the matter, it does not appear that the arguments set forth in support of remand are meritorious. Regarding diversity jurisdiction under 28 U.S.C. § 1441, all named removing defendants in this

1  matter have agreed to removal and none is a citizen of Nevada for jurisdictional purposes.
2  According to that statute, "the citizenship of defendants sued under fictitious names shall be
3  disregarded" for purposes of removal. 28 U.S.C. §1441(a).  Further, it appears that Defendants
4  have met the procedural requirements of 28 U.S.C.§ 1332 in that they have demonstrated the
5  amount in controversy exceeds $75,000.00 and that there is complete diversity between the
6  parties.  That Plaintiff might prefer litigating in state court is not sufficient when it appears that
7  Defendants have met the procedural and substantive requirements to invoke this Court's diversity
8  jurisdiction under 28 U.S.C. § 1332 and 28 U.S.C. §1441.  Accordingly,

9       **IT IS HEREBY ORDERED** that Plaintiff's Motion for Stay of Litigation Proceedings
10  Pending Determination of Motion to Remand (#9) is **denied**.

11       DATED this 3rd day of October, 2011.

_____
C.W. Hoffman, Jr.
United States Magistrate Judge

- 2 -