# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

LISA SLEPICOFF REYES,

    Plaintiff,

v.

BAC HOME LOANS SERVICING, LP; *et al.*,

    Defendants.

Case No. 2:11-CV-01367-KJD-CWH

**ORDER**

    Presently before the Court is the Motion to Dismiss (#5) filed by Defendants BAC Home Loans Servicing, LP ("BAC"), ReconTrust Co., N.A. ("ReconTrust"), Mortgage Electronic Registration Systems, Inc. ("MERS"), and Federal National Mortgage Association ("FNMA")(collectively "Defendants"). Plaintiff filed a response in opposition (#11) to which Defendants replied (#14). Also before the Court is Plaintiff's Emergency Motion for Declaratory Relief (#22). Defendants filed a response in opposition (#25) to which Plaintiff replied (#26).

I.  Background

    Plaintiff Lisa Slepicoff Reyes purchased property at 10365 Talking Tree Ave., Las Vegas, Nevada (the "Property") on March 28, 2005 with a loan for $279,992 from HomeAmerican Mortgage Corp. Plaintiff secured this loan with a Deed of Trust encumbering the Property. Additionally, Plaintiff obtained a home equity line of credit on the Property in the amount of $17,000 and secured this loan with a second Deed of Trust. Both Deeds of Trust were recorded on March 31,

2005. MERS was listed as the beneficiary and nominee of the lender HomeAmerican Mortgage Corp.

Plaintiff defaulted and on July 1, 2010 BAC executed and recorded a Substitution of Trustee formally substituting ReconTrust as the trustee under the Deeds of Trust. On July 2, 2010 ReconTrust executed and recorded a Notice of Default on the Property.

Plaintiff elected not to participate in Nevada's Mandatory Foreclosure Mediation Program resulting in the State of Nevada issuing a certificate allowing the foreclosure to proceed. On March 7, 2011 ReconTrust recorded a Notice of Trustee's Sale, with a sale date of March 23, 2011. The sale was postponed and no sale has yet taken place.

On July 22, 2011 Plaintiff filed her complaint in State Court, and Defendants removed it here (#1-1). The Complaint contains claims for violation of the Unfair Lending Practices Act (NRS §598(D)), deceptive trade practices, wrongful foreclosure, conspiracy to commit fraud and conversion, conspiracy to conversion related to MERS, inspection and accounting, unjust enrichment, quiet title, breach of the covenant of good faith and fair dealing, injunctive and declaratory relief, and rescission. Defendants now move to dismiss the Complaint for failure to state a claim upon which relief may be granted.

II.  Discussion

A.  Legal Standard for Motion to Dismiss

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009)(citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). Plausibility, in the context of a motion to dismiss, means that the plaintiff has pleaded facts that allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft, 129 S. Ct. at 1949. The Iqbal evaluation illustrates a two-prong analysis. First, the court identifies "the allegations in the complaint that are not entitled to the assumption of truth," that is, those allegations which are legal conclusions, bare assertions, or merely conclusory. Ashcroft, 129 S. Ct. at 1949-51.

Second, the Court considers the factual allegations "to determine if they plausibly suggest an entitlement to relief." Ashcroft, 129 S. Ct. at 1951. If the allegations state plausible claims for relief, such claims survive the motion to dismiss. Ashcroft, 129 S. Ct. at 1950.

Plaintiff is representing herself *pro se.* Courts must liberally construe the pleadings of *pro se* parties. See United States v. Eatinger, 902 F.2d 1383, 1385 (9th Cir. 1990). However, "*pro se* litigants in the ordinary civil case should not be treated more favorably than parties with attorneys of record." Jacobsen v. Filler, 790 F.2d 1362, 1364 (9th Cir. 1986).

B.  Unfair Lending Practices NRS §598D.100

In Nevada, a lender cannot knowingly originate a home loan for a borrower without determining whether the borrower has the ability to repay the loan. NRS §598D.100(1)(b). Claims under NRS §598(D) are limited by a two-year statute of limitations. NRS §11.190(4)(b); Taylor v. World Sav. Bank, F.S.B., 2012 WL 14028 (D.Nev.2012).

Plaintiff alleges that Defendants violated of the Unfair Lending Practices Act because they did not adequately evaluate Plaintiff's ability to repay the loan she secured on March 28, 2005. The statute of limitations begins to run from the date of the loan. Taylor, 2012 WL 14028. These allegations stem from the origination date of the loan. Therefore, this claim is time barred because the Complaint was filed on July 22, 2011, more than six years after the alleged violations. Accordingly, the claim for unfair lending practices is dismissed.

C.  Deceptive Trade Practices

Plaintiff alleges that Defendants engaged in deceptive trade practices by knowingly making false representations by failing to provide Plaintiff with a Notice of Servicing as required in 12 U.S.C. 2605(a) in violation of NRS §§598.0915 and 598.0923.  Defendants have moved to dismiss Plaintiff's claim asserting that §§598.0923 and 598.0915 relates to a person engaging in the sale of goods or services not real estate transactions.

It has been established that NRS §598 does not apply to real estate loan transactions. See Reyna v. Wells Fargo Bank, N.A., 2011 WL 2690087, *9 (D.Nev. 2011); see also Alexander v.

Aurora Loan Services, 2010 WL 2773796, *2 (D.Nev. 2010). The Nevada Legislature has adopted legislation that deals strictly with lending practices, further supporting the conclusion that real estate transactions are not covered under NRS §§598.0915 or 598.0923. See generally NRS §598D. Plaintiff's claim is based in a real estate transaction therefore, these statutes do not provide an avenue for relief.

Assuming that NRS §§598.0915 and 598.0923 would apply to Plaintiff's claims of deceptive trade practices they would still fail because they are limited to a four-year statute of a limitation that accrues when the aggrieved party discovers or should have discovered the deceptive trade practice. NRS § 11.190(2)(d). Plaintiff's claim arises from the origination of the loan on March 28, 2005. The Complaint was filed on July 22, 2011, more than six years after the alleged violations. Additionally, Plaintiff has failed to file points and authorities in opposition to Defendants' Motion to Dismiss this claim. See LR 7-2(d)("The failure of an opposing party to file points and authorities in response to any motion shall constitute consent to the granting of the motion.. Accordingly, the claim for Deceptive Trade Practices is time-barred and is dismissed".

D. Wrongful Foreclosure

To establish a claim for wrongful foreclosure, plaintiff must allege: 1) defendant exercised a power of sale or the foreclosure occurred; and 2) at the time of the foreclosure, plaintiff did not cause a breach of condition or failure of performance that would have authorized a foreclosure. Collins v. Union Fed. Sav. & Loan Ass'n., 662 P.2d 610, 623 (1983).

Because it is undisputed that Plaintiff has breached a condition of the mortgage and that the Defendants have not yet foreclosed the Property, the Court dismisses Plaintiff's claim for wrongful foreclosure. Plaintiff's best course of action would have been to seek mediation through the Nevada Foreclosure Mediation Program. NRS §107.086. Additionally, Plaintiff has failed to file points and authorities in opposition to Defendants' Motion to Dismiss this claim. See LR 7-2(d). Accordingly, the claim for wrongful foreclosure is dismissed.

///

E.  Conspiracy to Commit Fraud and Conversion; and Conspiracy to Commit Fraud Related to MERS

"In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." Fed R. Civ. P. (9)(b). To prove fraud, a plaintiff must demonstrate that a defendant: 1) made a false representation; 2) with knowledge of its falsity; 3) with intent to induce a reliance on the misrepresentation; 4) plaintiff justifiably relied on the misrepresentation; and 5) plaintiff suffered damages as a result of the reliance. Nau v. Sellman, 757 P.2d 358, 360 (1988). Fraud or conspiracy must be pled with particularity including allegations of the time, place, nature of the fraud, and specific parties involved. Neubronner v. Milliken, 6 F.3d 666, 371 (9th Cir. 1993); Ness v. Ciba-Geigy Corp. USA, 317 F.3d 1097, 1106 (9th Cir. 2003). It is not required that the complaint describe in detail every single transaction. However, the complaint must identify the circumstance of the alleged fraud so that defendants can prepare an adequate answer. Cooper v. Pickett, 137 F.3d 616, 627 (9th Cir. 1997). "Fraud cannot be predicated upon misrepresentations of law or misrepresentations as to matters of law." Miller v. Yokohama Tire Corp., 358 F.3d 616, 621 (9th Cir. 2004).

Plaintiff's fourth and fifth claims are based in fraud. Plaintiff alleges that Defendants formed an association to conspire to deprive Plaintiff of the Property by permitting her to enter into a contract when they knew she would ultimately default.  Plaintiff's allegations of fraud are conclusory and fail to identify the particular time, place, and specific parties involved. Plaintiff's allegation that Defendants "formed an association" and engaged in "fraud and misrepresentation" does not meet the pleading standard of Fed. R. Civ. P. 9(b). Additionally, Plaintiff has failed to file points and authorities in opposition to Defendants' Motion to Dismiss this claim. See LR 7-2(d). Accordingly, the fourth and fifth causes of action based in fraud are dismissed.

F.  Inspection and Accounting

To allege a claim for inspection and accounting a plaintiff must demonstrate that a fiduciary or trust relationship exists between the parties. McCurdy v. Wells Fargo, 2010 WL 4102943

(D.Nev.2010). A fiduciary or trust relationship does not exist between a lender and a borrower. <u>McCurdy</u>, 2010 WL 4102943 (D.Nev.2010)(citing <u>Giles v. GMAC</u>, 494 F.3d 865, 882 (9th Cir.2007)). Ordinarily, a special relationship does not exist between a lender and a borrower except in peculiar or unusual circumstances. <u>Giles v. Gen. Motors Acceptance Corp.</u>, 494 F.3d 865, 882 (9th Cir. 2007).

Plaintiff alleges that she was compelled to pay excessive fees in relation to the loan transaction because Defendants were unfair and deceptive and therefore a proper discovery and accounting will reveal the "true realized" status of the account. Here, a fiduciary duty or other special relationship does not exist between the Defendants and Plaintiff because the relationship was between a lender and a borrower. Plaintiff has failed to allege any special circumstances that would create this duty. Additionally, Plaintiff has failed to file points and authorities in opposition to Defendants' Motion to Dismiss this claim. <u>See</u> LR 7-2(d). Accordingly, the claim for inspection and accounting is dismissed.

### G.  Unjust Enrichment

Unjust enrichment requires that "a person has and retains a benefit which in equity and good conscience belongs to another." <u>Ramanathan v. Saxon Mortg. Services, Inc.</u>, 2011 WL 6751373 *6 (D. Nev. 2011)(citing <u>Leasepartners Corp. v. Robert L. Brooks Trust</u>, 942 P.2d 182, 187 (Nev.1997)). An action "based on a theory of unjust enrichment is not available when there is an express, written contract, because no agreement can be implied when there is an express agreement." <u>Ramanathan</u>, 2011 WL 6751373 *6 (D. Nev. 2011). Unjust enrichment only "applies to situations where there is no legal contract but where the person sought to be charged is in possession of money or property which in good conscience and justice he should not retain but should deliver to another [or should pay for]." <u>Ramanathan</u>, 6751373 *6 (D. Nev. 2011). Mortgages are express contracts and unjust enrichment does not apply. <u>Green v. Countrywide Home Loans Inc.</u>, 2011 WL 5926750 (D. Nev. 2010).

///

1    Plaintiff alleges Defendants had an insurance policy to protect themselves in the event that
2 the Property went into default and therefore already received compensation for the outstanding
3 mortgage. Thus, to keep the Property would be unjust enrichment.
4    Here, unjust enrichment does not apply because any alleged insurance agreement involves
5 parties other than Plaintiff and Defendants. Since, Plaintiff's loan documents including the mortgage,
6 Deed of Trust, and Note are express contracts, unjust enrichment cannot apply. Additionally,
7 Plaintiff has failed to file points and authorities in opposition to Defendants' Motion to Dismiss this
8 claim. See LR 7-2(d). Accordingly, the claim for unjust enrichment is denied.
9    H.  Quiet Title
10   In Nevada, someone who claims an adverse interest in property may bring a quiet title action.
11 NRS 40.010. "In a quiet title action, the burden of proof rests with the plaintiff to prove good title in
12 himself." Breliant v. Preferred Equities Corp., 918 P.2d 314, 318 (Nev. 1996). The recorded
13 titleholder is presumed to be the true titleholder. This presumption must be overcome by the plaintiff.
14 Biasa v. Leavitt, 692 P.2d 1301, 1304 (1985). Further, Courts have held that an action for quiet title
15 "should be dismissed where plaintiff's claim is not based on a cognizable legal theory." Elias v.
16 HomeEQ Servicing, 2009 WL 481270, at *2 (D.Nev. Feb. 25, 2009).
17   Plaintiff acknowledges that she executed loan documents that encumbered the Property with
18 the Deed of Trust held by Defendants. Plaintiff has not discharged the debt and has failed to make
19 payments of the mortgage. Plaintiff cannot claim to hold good and clear title to the property. Further,
20 Plaintiff has failed to file points and authorities in response to Defendants' Motion to Dismiss this
21 claim. See LR 7-2. Accordingly, the Motion to Dismiss this claim is granted.
22   I.  Breach of the Covenant of Good Faith and Fair Dealing
23   To allege a claim of breach of the covenant of good faith and fair dealing, plaintiff must
24 claim: 1) plaintiff and defendant were parties to a contract; 2) defendants owed a duty of good faith
25 to plaintiff; 3) defendants breached that duty by performing in a manner that was unfaithful to the
26 purpose of the contract; and 4) plaintiff's justified expectations were denied. Perry v. Jordan, 900

7

P.2d 335, 338; see Hilton Hotels v. Butch Lewis Productions, 808 P.2d 919, 923 (1991). Under Nevada law, "[e]very contract imposes upon each party a duty of good faith and fair dealing in its performance and execution." A.C. Shaw Contr. v. Washoe County, 784 P.2d 9 (Nev. 1989). A plaintiff may assert an action if the defendant intentionally breaches the intention and spirit of the agreement. Morris v. Bank of America, 886 P.2d 454, 457 (Nev. 1994) (citing Hilton Hotels v. Butch Lewis Productions, 808 P.2d 919, 922-23 (1991)).

Plaintiff alleges that Defendants "had a duty to act in good faith and fair dealing concerning their obligations" under the Home Affordable Modification Program ("HAMP") and subsequently breached that duty. Here, even if Plaintiff had a private right of action under HAMP, Plaintiff's claims would fail because she failed to allege that Defendants deliberately breached the intention and spirit of the agreement between the parties. Additionally, these allegations do not stem from any agreement that Defendants and Plaintiff initiated. Plaintiff has also failed to file points and authorities in response to the Motion to Dismiss. See LR 7-2(d). Accordingly, the Court dismisses the claim for breach of good faith and fair dealing.

J.  Equitable Relief

Injunctive and declaratory relief and rescission are not separate causes of action or an independent ground for relief. See In Re Wal-Mart Wage & Hour Employ. Practices Litig., 490 F. Supp.2d 1091, 1130 (D.Nev. 2007); Aguilar v. WMC Mortg. Corp, 2010 WL 185951 (D. Nev. 2010). Plaintiff has failed to state any claim for which declaratory and injunctive relief or rescission could be granted, plead facts showing that she is entitled to such relief, or oppose the Motion by filing points and authorities in response to the Motion to Dismiss. Accordingly, Plaintiff's claims are dismissed.

K. Leave to Amend

If the Court grants a motion to dismiss a complaint, it must then decide whether to grant leave to amend. Courts should "freely give" leave to amend when there is no "undue delay, bad faith [,] dilatory motive on the part of the movant… undue prejudice to the opposing party by virtue of… the

amendment,[or] futility of the amendment…" Fed. R. Civ. P. 15(a); <u>Foman v. Davis</u>, 371 U.S. 178, 182 (1962). Generally, leave to amend is only denied when it is clear that the deficiencies of the complaint cannot be cured by amendment. See <u>Desoto v. Yellow Freight Sys. Inc.</u>, 957 F.2d 655, 658 (9th Cir. 1992).

The Court has doubts that the defects in Plaintiff's Complaint can be cured by amendment. However, considering the generous standards afforded to *pro se* litigants, the Court will not preclude further amendment of the Complaint. If Plaintiff decides to file an amended Complaint, she must comply in every respect with the Federal Rules of Civil Procedure. Any amended Complaint should be filed with the Court within fourteen (14) days of the entry of this Order. Failure to file in accordance with this Order will result in dismissal without leave to amend.

III. Conclusion

Accordingly, **IT IS HEREBY ORDERED** that Defendants' Motion to Dismiss (#5) is **GRANTED**;

**IT IS FURTHER ORDERED** that Plaintiff may file an amended Complaint that complies in every respect with the Federal Rules of Civil Procedure within fourteen (14) days of the entry of this Order;

**IT IS FURTHER ORDERED** that Plaintiff's Emergency Motion for Declaratory Relief (#22) is **DENIED**.

DATED this 21st day of June 2012.

_____
Kent J. Dawson
United States District Judge