1
2
3
4
5
6
7
8
9

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

10  LISA REYES,

11       Plaintiff,                         Case No. 2:11-CV-01367-KJD-CWH

12  v.                                      **ORDER**

13  BANK OF AMERICA, NA, *et al*.,

14       Defendants.

15

16       Presently before the Court is the Motion to Dismiss Amended Complaint (#41) filed by

17  Defendants Bank of America, N.A., successor by merger to BAC Home Loans Servicing, LP

18  ("BANA"), ReconTrust Co., N.A. ("ReconTrust"), Mortgage Electronic Registration Systems, Inc.

19  ("MERS"), and Federal National Mortgage Association ("FNMA")(collectively "Defendants").

20  Plaintiff has filed an opposition (#44) and an addendum to her opposition (#46).  Defendants have

21  filed a reply (#49).

22  I. Background

23       Plaintiff Lisa Slepicoff Reyes purchased real property at 10365 Talking Tree Ave., Las

24  Vegas, Nevada (the "Property") on March 28, 2005, with a loan for $279,992 from HomeAmerican

25  Mortgage Corp. Plaintiff secured this loan with a Deed of Trust encumbering the Property.

26  Additionally, Plaintiff obtained a home equity line of credit on the Property in the amount of $17,000

and secured this loan with a second Deed of Trust. Both Deeds of Trust were recorded on March 31, 2005. MERS was listed as the beneficiary and nominee of the lender HomeAmerican Mortgage Corp.

Plaintiff defaulted and on July 1, 2010, BAC executed and recorded a Substitution of Trustee formally substituting ReconTrust as the trustee under the Deeds of Trust. On July 2, 2010 ReconTrust executed and recorded a Notice of Default on the Property.

Plaintiff elected not to participate in Nevada's Mandatory Foreclosure Mediation Program resulting in the State of Nevada issuing a certificate allowing the foreclosure to proceed. On March 7, 2011, ReconTrust recorded a Notice of Trustee's Sale, with a sale date of March 23, 2011. The sale was postponed and no sale has yet taken place.  In September of 2011, the Notice of Default was rescinded.

The Court dismissed Plaintiff's previous complaint (#36), but gave Plaintiff leave to amend. Plaintiff filed her amended complaint which alleges two causes of action: (1) Violations of the Real Estate Settlement Procedures Act ("RESPA), and (2) Violations of NRS 107.

II.  Discussion

A. Legal Standard for Motion to Dismiss

A court may dismiss a plaintiff's complaint for "failure to state a claim upon which relief can be granted."  Fed. R. Civ. P. 12(b)(6).  A properly pled complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2); Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007).  While Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citations omitted).  "Factual allegations must be enough to rise above the speculative level." Twombly, 550 U.S. at 555.  Thus, to survive a motion to dismiss, a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face."  Iqbal, 556 U.S. at 678 (citation omitted).

2

1        In <u>Iqbal</u>, the Supreme Court clarified the two-step approach district courts are to apply when

2   considering motions to dismiss.  First, a district court must accept as true all well-pled factual

3   allegations in the complaint; however, legal conclusions are not entitled to the assumption of truth.

4   <u>Id.</u> at 1950.  Mere recitals of the elements of a cause of action, supported only by conclusory

5   statements, do not suffice.  <u>Id.</u> at 1949.  Second, a district court must consider whether the factual

6   allegations in the complaint allege a plausible claim for relief.  <u>Id.</u> at 1950.  A claim is facially

7   plausible when the plaintiff's complaint alleges facts that allows the court to draw a reasonable

8   inference that the defendant is liable for the alleged misconduct.  <u>Id.</u> at 1949.  Where the complaint

9   does not permit the court to infer more than the mere possibility of misconduct, the complaint has

10  "alleged—but not shown—that the pleader is entitled to relief." <u>Id.</u> (internal quotation marks

11  omitted).  When the claims in a complaint have not crossed the line from conceivable to plausible,

12  the complaint must be dismissed.  <u>Twombly</u>, 550 U.S. at 570.

13       B.  RESPA Claim

14       RESPA provides that "[i]f any servicer of a federally related mortgage loan receives a

15  qualified written request from the borrower (or an agent of the borrower) for information relating to

16  the servicing of such loan, the servicer shall provide a written response acknowledging receipt of the

17  correspondence within 20 days ... unless the action requested is taken within such period." 12 U.S.C.

18  § 2605(e)(1)(A).  A qualified written request ("QWR") must identify an error in the account and

19  provide sufficient detail regarding information sought by the borrower.  <u>Coleman v. American Home</u>

20  <u>Mortg. Servicing, Inc.,</u>  2011 WL 6131309, 4 (D.Nev. 2011).  Requests that are "more akin to a

21  discovery demand than a qualified written request" are improper and a servicer does not violate

22  RESPA when it fails to reply with documentation and information unrelated to a specified error in

23  the account.  <u>See</u> <u>Moon v. Countrywide Home Loans, Inc.,</u>  2010 WL 522753, 5 (D.Nev.) (D.Nev.

24  2010) (letter with over one hundred questions and demands for information was not a proper QWR).

25  Failure to respond to a QWR alone "does not substantiate an RESPA claim. <u>Id.</u> In order to recover

26  for failure to provide a qualified written request, a plaintiff must also demonstrate a pecuniary loss.

1  Id. (Citing 12 U.S.C. § 2605(f)(1)(A).

2       As an initial matter, Plaintiff admits that Defendant BANA *did* respond to her letters. See

3  Opposition at 5-6.  Plaintiff's allegation is that BANA did not provide the response she wanted.  The

4  Court refuses to allow this claim to proceed.  The letters do not identify any specific error, as

5  required by the statute, and appear to be a dilatory tactic by the Plaintiff.  It is obvious that Plaintiff

6  copied the language of these letters from another source.  The letters alternate between using single

7  and plural personal pronouns, read like discovery requests, and seek responses to over one hundred

8  different inquiries on every conceivable aspect of the parties' interaction.  In fact, the bulk of the

9  language in Plaintiff's requests is the exact same language which Judge Reed found insufficient to

10  support an RESPA claim in the Moon case.  Further, Plaintiff has no plausible theory of pecuniary

11  damages.  The overreaching, non-specific, copy-and-paste letters sent by Plaintiff, and this claim,

12  which is based on them, are an abuse of RESPA.  This claim is dismissed with prejudice.

13       C.  NRS 107

14       NRS 107 allows a court to void a trustee sale if, *inter alia*, the person or entity that conducted

15  the sale did not substantially comply with the statute. It does not provide a private right of action. See

16  Berilo v. HSBC Mortg. Corp., USA  2010 WL 2667218, 3 (D. Nev. 2010).

17       This claim is not viable because no trustee's sale has occurred.  In fact, the Notice of Default

18  has been rescinded and Plaintiff's loan has been modified.  Plaintiff cites Leyva v. Nat'l Default

19  Servicing Corp, 255 P.3d 1275 (Nev.2011) in support of her argument that she is entitled to some

20  kind of relief under NRS 107.  Leyva is inapplicable because it deals with judicial review of the

21  Nevada Foreclosure Mediation Program.  Accordingly, this claim is dismissed.[1]

22       D. Lis Pendens

23       NRS § 14.010 allows a Notice of Pendency or a Lis Pendens to be filed for an action pending

24  _____

25       [1] Even the most basic legal research should have demonstrated to Plaintiff's counsel that this claim was
defective.  The Court reminds Plaintiff's counsel that Rule 11 and the Rules of Professional Conduct require her to

26  properly investigate all claims, and forbid her from signing pleadings containing baseless assertions.  Plaintiff's counsel is
strongly cautioned that failure to comply with these rules will not be tolerated.

4

1   in the United States District Court for the District of Nevada when there is "a notice of an action

2   affecting real property, which is pending," in any such court. NRS § 14.010(2).

3         This Order dismisses this action with prejudice.  Accordingly, the Lis Pendens is cancelled

4   and expunged.

5         E.  Leave to Amend

6         Rule 15(a)(2) provides that courts "should freely give leave [to amend] when justice so

7   requires."  Fed. R. Civ. P. 15(a)(2).  Under this standard, there is a general "policy to permit

8   amendment with 'extreme liberality.'"  Chodos v. West Publ'g Co., 292 F.3d 992, 1003 (9th Cir.

9   2002) (quoting Morongo Band of Mission Indians v. Rose, 893 F.2d 1074, 1079 (9th Cir. 1990)).

10   However, where there is undue prejudice to the opposing party or futility of amendment, a court need

11   not grant leave to amend. see Bonin v. Calderon, 59 F.3d 815, 845 (9th Cir. 1995).

12         Plaintiff's two complaints have both been severely deficient.  If Plaintiff had any viable

13   claims, she would have asserted them.  Further amendment would be futile and would prejudice

14   Defendants.  Accordingly, dismissal of these claims is with prejudice and further amendment is not

15   permitted. Plaintiff may not seek reconsideration of this order.

16   III.  Conclusion

17         **IT IS HEREBY ORDERED** that the Motion to Dismiss Amended Complaint (#41) is

18   **GRANTED**.

19         **IT IS FURTHER ORDERED** that this action is **DISMISSED WITH PREJUDICE** and

20   the Lis Pendens is cancelled and expunged.

21         DATED this 5th day of December 2012.

22

23

24                       _____

                    Kent J. Dawson

25                       United States District Judge

26